## CIRCUIT COURT OF THE CITY OF RICHMOND

Scott & Stringfellow, Inc.

v.

Frank A. Wood, Jr.

October 21, 1986

Case No. LH 1919-1

By JUDGE MELVIN R. HUGHES, JR.

This case is here on a request for summary judgment disposition as to liability and damages.

Plaintiff, an investment banking and stockbrokerage firm, sues its former customer for the net difference in the purchase price of shares of stock it claims defendant purchased but did not pay for and the proceeds from the sale of the shares.

In the pleadings defendant admits he maintained a nondiscretionary account with plaintiff for the purpose of buying and selling securities. He admits to the transaction with plaintiff's representative on the day the stock in question was ordered but states, affirmatively, the representative induced him to purchase the stock in violation of § 13.1-502, Code of Virginia of 1950.

Section 13.1-502 states as follows:

> *Unlawful offers and sales.* It shall be unlawful for any person in the offer or sale of any securities, directly or indirectly,
> (1) To employ any device, scheme or artifice to defraud, or
> (2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in

the light of the circumstances under which they were made, not misleading, or

(3) To engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

In responding to Request for Admissions, defendant has admitted plaintiff did not act fraudulently or with scienter.

The parties agree there are no Virginia cases interpreting § 13.1-502 and § 13.1-522, the latter section governing civil liabilities for violating § 13.1-502. Plaintiff urges that since the Virginia statutes read like Rule 10b-5 of the Securities Exchange Act of 1934 and § 17(a) of the Securities Act of 1933, federal laws, cases interpreting them require scienter and the same ought to apply to Virginia statutes because of their similar language. Plaintiff also argues the statutes do not apply as the transaction in question is not an "offer or sale."

Defendant argues § 13.1-502 is asserted here as an affirmative defense. Therefore, case law interpreting analogous federal statutes, Rule 10b-5 and § 17(a), do not apply since the cases involve the statutes as causes of action. Defendant argues, his defense is failure to disclose, i.e. things were known or in the exercise of reasonable care should have been known by plaintiff at the time of the transaction.

The law of a statute which is the basis for affirmative relief may yet apply when the statute is asserted as an affirmative defense. Some affirmative defenses can be the basis for claims while others form only defenses by way of confession and avoidance. See Rule 8(c), Fed. Rules Civil Procedure. This analysis is not entirely dispositive.

If I understand correctly, if defendant claims negligence on the part of plaintiff in failing to know or disclose information, details, or data relating to the purchase of the shares due to the nature of his relationship with plaintiff requiring some duty, then the case should proceed as material facts are still at issue. The Virginia statutes may be construed to include negligence apart from fraud and scienter. As I mentioned during the argument, there may be a fact question as to whether

this transaction is sale or offer or whether it is a purchase of shares for defendant.

I am therefore of the opinion that the motion be denied.